IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES BEAMON, #166666, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:09-CV-82-TMH |
| ) | [WO] |
| ) | |
| STATE OF ALABAMA, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by James Beamon ["Beamon"], a state inmate presently confined at the Kilby Correctional Facility.[1] In this complaint, Beamon challenges the validity of a 1991 indictment issued against him by a Montgomery County, Alabama grand jury for robbery in the first degree.[2] Beamon further argues his constitutional rights were violated when the Circuit Court of Montgomery County, Alabama imposed a conviction upon him for the offense charged in the indictment. Finally, Beamon contends "[o]n or about October 11, 1991, defendant placed plaintiff under a excessive bond of $50,000.00 upon the return of this bogus indictment...." *Plaintiff's Complaint - Court Doc. No. 1* at 3.

---

[1] Although the Clerk of this court stamped the complaint "filed" on January 30, 2009, it is clear that Beamon presented the complaint for mailing prior to this date. A review of the pleadings indicates that Beamon executed the complaint on January 27, 2009. *Plaintiff's Complaint - Court Doc. No. 1* at 4. The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Beamon] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers January 27, 2009 as the date of filing.

[2] Beamon contends the indictment contains false information because the date of birth listed on the front of the indictment, 5/16/1970, is different from his date of birth which is 5/16/1972.

Beamon identifies the State of Alabama, the Montgomery County Courthouse, Charles Price, the state judge who presided over his robbery trial, and Randall Thomas, the state judge who set bail upon issuance of the indictment, as defendants in this cause of action. Beamon seeks declaratory relief and monetary damages for the alleged violations of his constitutional rights. *Plaintiff's Complaint - Court Doc. No. 1* at 4.

Upon review of the allegations contained in the complaint, the court concludes that this case is due to be dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[3]

## I. DISCUSSION

### A. The State of Alabama

The law is well-settled that the State of Alabama is absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State consents to suit, the plaintiff cannot proceed against such defendant as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."). Moreover, "a State is not a 'person' within the meaning of § 1983...." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2309 (1989). Thus, the plaintiff's claims against the State of Alabama are frivolous as they are "based on an indisputably meritless legal theory[,]" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989),[4] and such claims are therefore subject to dismissal pursuant to the directives of 28 U.S.C.§ 1915(e)(2)(B)(i).

---

[3] The court granted Beamon leave to proceed *in forma pauperis*. *Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[4] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

### B. The Montgomery County Courthouse

Beamon names the Montgomery County Courthouse as a defendant in this cause of action. A county courthouse is not a legal entity subject to suit or liability under section 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that the plaintiff's claims against the Montgomery County Courthouse are due to be dismissed. *Id.*

### C. The Claims Against Judge Charles Price and Judge Randall Thomas

1. The Request for Monetary Damages. Beamon complains Judge Price allowed his robbery case to proceed through the criminal process despite the alleged invalid indictment. *Plaintiff's Complaint - Court Doc. No. 1* at 3. He further alleges Judge Thomas set an excessive bond on the robbery charge. *Id.* It is clear the allegations made by Beamon against Judge Price and Judge Thomas emanate from actions taken by these defendants in their judicial capacities during state court proceedings over which they had jurisdiction. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, Beamon's claims for monetary damages against Judge Price and Judge Thomas are indisputably meritless and, as such, are due to be summarily dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke*, 490 U.S. at 327.

2. The Request for Declaratory Relief. To the extent Beamon seeks declaratory relief from adverse decisions issued or actions taken by Judge Price and Judge Thomas during the state criminal proceedings, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42

U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Beamon from proceeding before this court as this case is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of Beamon's request for declaratory relief with respect to actions undertaken during proceedings related to the plaintiff's indictment by the grand jury, the court's setting bond and/or the plaintiff's conviction for first degree robbery before the Circuit Court of Montgomery County, Alabama is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th

Cir. 1990); *see also Neitzke*, 490 U.S. at 327.[5]

### D. The Challenges to Plaintiff's Conviction and Sentence

Beamon attacks the validity of the conviction and sentence imposed upon him for first degree robbery by the Circuit Court of Montgomery County, Alabama. Specifically, Beamon complains the indictment made the basis for such conviction is invalid and the trial judge acted improperly in allowing his case to proceed on the indictment. The aforementioned claims go to the fundamental legality of Beamon's conviction and resulting sentence. Consequently, these claims provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must thisefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would

---

[5] The court notes that the excessive bond claim arising from a bond set on October 11, 1991 likewise entitles Beamon to no relief as it is barred by the applicable statute of limitations.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's excessive bond] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have [this] claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). The tolling provision of *Ala. Code* § 6-2-8(a) provided tolling of the limitation period for Beamon until this statute's amendment on May 17, 1996. As of such date, Beamon had two years within which to challenge the bond set for on his robbery charge. As previously noted, Beamon filed the instant complaint on January 27, 2009. This filing occurred over ten years ***after*** the applicable period of limitation had expired.

necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position previously taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id.* at 649.

The majority of claims presented in the instant complaint challenge the constitutionality of the first degree robbery conviction and resulting sentence imposed upon Beamon by the Circuit Court of Montomgery County, Alabama. A judgment in favor of Beamon on these claims would necessarily imply the invalidity of this conviction and sentence. It is clear from the complaint that the conviction

and sentence about which Beamon complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the conviction and sentence imposed upon Beamon is prohibited and subject to dismissal by this court prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).  *Balisok*, 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the State of Alabama, the Montgomery County Courthouse, Charles Price and Randall Thomas be DISMISSED with prejudice under the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

2. The plaintiff's challenge to the constitutionality of the conviction and sentence imposed upon him by the Circuit Court of Montgomery County, Alabama for first degree robbery be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time.

3. This case be dismissed prior to service of process as required by the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that on or before February 17, 2009 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not

a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of February, 2009.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE